**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By arowe at 10:36 am, Jun 10, 2010*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | |
|---|---|
| IN RE:<br>DOUGLAS ASPHALT COMPANY<br><br>    Debtor<br>_____ | CHAPTER 7 CASE<br>NUMBER 09-51272 |
| SAVAGE, TURNER, PINSON &<br>KARSMAN and<br>KENNETH E. FUTCH, P.C.<br><br>    Plaintiffs<br>v.<br><br>FIDELITY AND DEPOSIT COMPANY<br>OF MARYLAND AND ZURICH<br>AMERICAN INSURANCE COMPANY,<br>ARCH INSURANCE COMPANY,<br>DUVAL COUNTY/CITY OF<br>JACKSONVILLE, TOOMBS COUNTY<br>TAX COMMISSIONER, GEORGIA<br>DEPARTMENT OF REVENUE,<br>GEORGIA DEPARTMENT OF NATURAL<br>RESOURCES/ENVIRONMENTAL<br>PROTECTION DIVISION, FLORIDA<br>DEPARTMENT OF REVENUE,<br>INTERNAL REVENUE SERVICE,<br>MARY JEAN SPIVEY, KENNETH E.<br>FUTCH, P.C.<br><br>    Defendants | ADVERSARY PROCEEDING<br>NUMBER 10-05003 |

## MEMORANDUM OPINION AND
## ORDER ON MOTION FOR PROTECTIVE ORDER

This matter is before me on the motion for protective

order ("Motion") filed by Defendant Fidelity and Deposit Company

of Maryland ("F&D"). The Motion seeks an order quashing two deposition notices served by Plaintiffs Savage, Turner, Pinson & Karsman and Kenneth E. Futch, P.C. (collectively, "the Law Firms"), one notice directed to F&D under Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Civil Rules") and the other directed to F&D's outside counsel, Seth Mills.

The Motion is granted in part. The Law Firms may not depose Mills at this time, although they may seek permission in the future upon a showing of the requirements set out in this Order. The Law Firms may proceed with the Rule 30(b)(6) deposition of a person or persons designated by F&D. However, the deposition may not be conducted in Tampa, Florida, where it was noticed. If counsel cannot agree on a location in the Southern District of Georgia, the deposition must be taken wherever the designated witness or witnesses are located.

## BACKGROUND

The Law Firms filed this adversary proceeding asserting their entitlement to approximately $1.7 million in attorney fees and expenses from a $2 million settlement in an unrelated lawsuit. (See Order, Mar. 5, 2010, Case Dkt. No. 166 (requiring

adversary proceeding); Compl., A.P. Dkt. No. 1.)[1] The $2 million is currently being held in the registry of this Court.

On May 14, 2010, the Law Firms noticed the two depositions from which F&D seeks protection.[2] I ruled from the bench on this matter after an expedited hearing on May 24, 2010. The following discussion reprises and expands upon my analysis at the hearing.

## DISCUSSION

Under Rule 26 of the Civil Rules, made applicable in adversary proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). A court may for good cause issue such an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. A protective order may include any of several provisions, including forbidding discovery, specifying the place of discovery,

---

[1] References to the chapter 7 case docket appear in the following format: "Case Dkt. No. ___." References to the adversary proceeding docket appear in the following format: "A.P. Dkt. No. ___."

[2] F&D's outside counsel, Seth Mills, filed a separate motion for protective order seeking to quash only the deposition notice directed to him. (A.P. Dkt. No. 34.) The Memorandum Opinion and Order on Motion for Protective Order incorporates by reference the order granting Mills's motion (A.P. Dkt. No. 40).

prescribing a method of discovery other than the one selected by the party seeking discovery, and forbidding inquiry into certain matters. See Fed. R. Civ. P. 26(c)(1)(A)-(D).

### I. The Law Firms May Not Depose Seth Mills.

The Law Firms noticed the deposition of Seth Mills for May 27, 2010, in Tampa, Florida, where Mills's office is located. The notice of deposition did not designate any particular subject matter.

F&D asserts that the Law Firms should not be allowed to depose Mills. F&D argues that depositions of opposing counsel are disfavored, especially when the attorney has represented the opposing party in the subject matter of the litigation. Here, according to F&D, Mills participated as F&D's outside counsel in unsuccessful negotiations with the Law Firms over the scope and reach of the Law Firms' attorney's liens. The scope and reach of the attorney's liens is the subject matter of this adversary proceeding.

F&D argues that if the Law Firms are allowed to depose Mills, they should first be required to meet the three-prong test set out in Shelton v. Am. Motors Corp., 805 F.2d 1323 (8th Cir. 1987). Under the Shelton test, a party seeking to depose opposing

counsel must show that "(1) no other means exists to obtain the information than to depose opposing counsel [citation omitted]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id. at 1327.

Shelton is not mandatory authority in this circuit. Moreover, as F&D noted, not all courts have adopted the Shelton test. See, e.g., Official Comm. of Unsecured Creditors v. Friedman (In re Subpoena Issued to Dennis Friedman), 350 F.3d 65 (2d Cir. 2003).

Notwithstanding, I find Shelton compelling. As the Eighth Circuit Court of Appeals recognized, depositions of opposing counsel disrupt the adversarial system, lower the standards of the profession, add to the time and costs of litigation, and detract from the quality of client representation. 805 F.2d at 1327. These negative effects can be justified only in limited circumstances.

In opposition, the Law Firms argue, "[W]e have a right to our discovery in the method that's reasonable and the way we want to do it." (H'g on Motion for Protective Order, A.P. Dkt. No. 39.) In support of this position, the Law Firms cite Kaiser v. Mut. Life Ins. Co. of N.Y., 161 F.R.D. 378 (S.D. Ind. 1994).

There, the court declined to adopt the Shelton test. Id. at 382 ("[W]e do not believe that depositions of counsel are so rarely justified or so great a phenomenon as to warrant imposing a stricter standard for their allowance.").

The court in Kaiser did not, however, grant unconditional permission to depose opposing counsel, as the Law Firms argue they are entitled to here. Rather, the Kaiser court acknowledged "the admitted weight of cases finding that the unique character of counsel depositions requires special attention by the courts," id., and imposed the following two restrictions. First, the court required a preliminary showing that the attorney possessed relevant and material information, as established by allegations that the attorney was involved as either an actor in or witness of the events forming the basis of the plaintiffs' claims. Id. Second, the court limited the scope of the deposition to the three narrowly defined subject areas identified by the plaintiffs in their motion. Id. at 383.

Here, the Law Firms have not shown that Mills possesses relevant and material information, and they have not identified the subject areas on which they seek Mills's testimony. The Law Firms' reliance on Kaiser is thus misplaced.

The Law Firms must satisfy the <u>Shelton</u> test if they wish to depose Mills. Because the test has not been satisfied, the Law Firms may not depose Mills at this juncture. The Law Firms may, however, seek permission to depose Mills upon a showing of the information they seek to obtain and that (1) no other means exist to obtain the information than to depose Mills, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the Law Firms' case.

## II. The Law Firms May Proceed with a Rule 30(b)(6) Deposition of F&D.

In addition to noticing the deposition of Mills, the Law Firms noticed a deposition of F&D under Rule 30(b)(6) of the Civil Rules, made applicable in adversary proceedings by Rule 7030 of the Bankruptcy Rules. Like the Mills deposition, the F&D deposition was noticed for May 27, 2010, in Tampa.

A notice of deposition naming a corporation "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In keeping with this requirement, the notice to F&D listed nine topics. (A.P. Dkt. No. 31-1 at 2.) F&D argues that the notice is objectionable on three grounds.

First, F&D argues that discovery of the following four topics should be prohibited altogether as an improper use of discovery:

- F&D's efforts to examine the Law Firms' bills and expenses

- F&D's cost and expenses in Douglas Asphalt litigation since 10/1/2009

- F&D's discussions and correspondence with Arch concerning the Law Firms' claim for attorney's fees and costs

- F&D's discussions and correspondence with Lumbermans concerning the Law Firms' claim for attorney's fees and costs

(A.P. Dkt. No. 31-4 at 5, 9). F&D contends that these topics relate only to future litigation that the Law Firms have threatened against F&D and its counsel (id. at 9), not to the "very narrow set of legal and factual issues" presented by this adversary proceeding (id. at 3). F&D argues that these topics thus should be stricken as not relevant. (Id. at 9.)

Second, F&D argues that contention interrogatories are more appropriate than a Rule 30(b)(6) deposition for inquiry into the remaining five topics:

- What expenses F&D feels are inappropriate

- What attorney's fees F&D feels are inappropriate

- Any defenses to the Law Firms' claims for attorney's fees and costs

- F&D's position on whether interest is recoverable for the Law Firms' attorney's fees and costs
- FD&D's position on whether attorney's fees are recoverable in this case

(<u>Id.</u> at 9-10). According to F&D, these topics seek either (1) F&D's legal positions or (2) matters protected by attorney-client privilege as information known only through discussions with, and investigation by, F&D's counsel. (<u>Id.</u> at 9.) F&D asserts that when a Rule 30(b)(6) notice seeks legal contentions or matters protected by privilege, courts have held that a deposition is not an appropriate discovery tool. (<u>Id.</u> at 10.)

These two arguments are unavailing. "The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment . . . ." <u>In re Subpoena Issued to Dennis Friedman</u>, 350 F.3d at 69 (internal quotation marks omitted). Here, the Law Firms have a right to conduct discovery in whatever manner they choose, and F&D has not shown good cause to restrict that right.

The four topics that F&D argues should be stricken as not relevant to this adversary proceeding are fully within the scope of a discovery regime in which "[r]elevancy is broadly construed," <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 236 F.R.D. 535,

AO 72A
(Rev. 8/82)

541 (D. Kan. 2006). The Law Firms' inquiry into these four topics is not an improper use of discovery, but is instead a legitimate preparation for trial in this adversary proceeding. Consequently, good cause has not been shown for a protective order forbidding inquiry into these matters under Rule 26(c)(1)(D).

As to whether contention interrogatories are more appropriate than a Rule 30(b)(6) deposition for inquiry into the remaining five topics—that question is for the Law Firms to decide. A court may alter the manner of discovery as it deems appropriate. Fed. R. Civ. P. 26(c)(1)(C). Here, however, F&D has not shown good cause for me to prescribe a discovery method other than the one the Law Firms selected.

F&D cites cases that apply the following test: "[W]hich of the available devices is most appropriate, i.e., which device would yield most reliably and in the most cost-effective, least burdensome manner information that is sufficiently complete to meet the needs of the parties and the court **in a case like this**?" McCormick-Morgan, Inc. v. Teledyne Indus., Inc., 134 F.R.D. 275, 286 (N.D. Cal. 1991), rev'd on other grounds, McCormick-Morgan, Inc. v. Teledyne Indus, Inc., 765 F. Supp. 611 (N.D. Cal. 1991) (emphasis added). See also Smithkline Beecham Corp. v. Apotex Corp., No. 99-CV-4304, 2004 WL 739959, at *2 (E.D. Pa. Mar. 23,

2004); Exxon Research & Eng'g v. United States, 44 Fed Cl. 597, 602 (Fed. Cl. 1999).

The phrase "in a case like this" is key. The parties in McCormick-Morgan were litigating the validity of a patent. 134 F.R.D. at 276. Unlike the adversary proceeding here, McCormick-Morgan was "a very complex, highly technical lawsuit," 134 F.R.D. at 286. The court there prescribed contention interrogatories instead of a Rule 30(b)(6) deposition because of the "conceptually dense dynamic" of facts, patent claims, and principles of intellectual property law implicated in that particular case:

> First, we are concerned that in a case like this, no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken . . . . Secondly, we are concerned about asking a non-lawyer to undertake this kind of task.

134 F.R.D. at 286-87.

The majority of other cases cited by F&D were similarly complex. See Alloc, Inc. v. Unilin Décor N.V., No. 02-C-1266, 2006 WL 2527656 (E.D. Wis. Aug. 29, 2006) (patent infringement); Smithkline Beecham Corp. v. Apotex Corp., No. 99-CV-4304, 2004 WL 739959 (E.D. Pa. Mar. 23, 2004) (patent infringement); Smithkline Beecham Corp. v. Apotex Corp., No. 98 C 3952, 2000 WL 116082

(N.D. Ill. Jan. 24, 2000) (patent infringement); <u>Exxon Research & Eng'g Co. v. United States</u>, 44 Fed. Cl. 597 (1999) (patent infringement); <u>In re Indep. Serv. Orgs. Antitrust Litig.</u>, 168 F.R.D. 651 (D. Kan. 1996) (antitrust); <u>Lance, Inc. v. Ginsburg</u>, 32 F.R.D. 51 (E.D. Pa. 1962) (unfair competition and trademark infringement).

Here, determination of the extent, validity, and priority of liens to the settlement funds does not present the "conceptually dense dynamic" that characterizes intellectual property and antitrust litigation. Indeed, F&D itself recognizes that the set of legal and factual issues presented in this adversary proceeding is very narrow. Consequently, good cause has not been shown for a protective order under Rule 26(c)(1)(C).

Finally, F&D argues that if it must produce a witness for a Rule 30(b)(6) deposition, it should not be required to produce the witness in Tampa, because F&D has no personnel in or near Tampa who have any involvement in this adversary proceeding or in the underlying case. (A.P. Dkt. No. 31-4 at 14-15.) F&D urges that I require the Law Firms to confer with F&D's counsel and agree on a location at or near the office of the person designated, or at least within the Southern District of Georgia. (<u>Id.</u>)

Of the three grounds that F&D argues, I find merit only in this final ground. A protective order may specify the terms, including the place, for discovery. Fed. R. Civ. P. 26(c)(1)(B). Here, undue burden and expense would result if F&D were required to produce a deposition witness in Tampa, Florida, when F&D has no knowledgeable personnel in or near Tampa. Good cause has thus been shown for requiring the Law Firms to confer with F&D's counsel on a mutually agreeable location in the Southern District of Georgia or wherever the designated witness or witnesses are located.

## CONCLUSION

The Law Firms may not at this juncture depose F&D's outside counsel, Seth Mills. The Law Firms may, however, proceed with the Rule 30(b)(6) deposition of F&D as noticed, except as to the Tampa, Florida, location.

**IT IS THEREFORE ORDERED** that the Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**, and

**FURTHER ORDERED** that the notice of deposition of Seth Mills is **QUASHED** in its entirety, without prejudice to the Plaintiffs' right to seek permission to depose Mills upon a showing of the information sought to be obtained and that (1) no

other means exist to obtain the information than to depose Mills, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the Plaintiffs' case, and

**FURTHER ORDERED** that counsel shall confer on a location for the Rule 30(b)(6) deposition of Fidelity and Deposit Company of Maryland, and that if counsel cannot agree on a location in the Southern District of Georgia, the deposition must be taken wherever the designated witness or witnesses are located, and

**FURTHER ORDERED** that Fidelity and Deposit Company of Maryland shall designate a witness or witnesses under Rule 30(b)(6) no later than June 24, 2010 (fourteen days from the date of this Order), by which date the location of the deposition shall also be specified.

John S. Dalis
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 10th day of June, 2010.

AO 72A
(Rev. 8/82)